UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAMIAN POPLIN, Individually, and on behalf of all other similarly situated consumers, | ) Case No.: ) ) |
| Plaintiff, | ) ) CLASS ACTION COMPLAINT AND |
| vs. | ) DEMAND FOR JURY TRIAL ) |
| CHASE RECEIVABLES, | ) ) |
| Defendant. | ) ) ) |

Plaintiff, Damian Poplin, alleges:

**PRELIMINARY STATEMENT**

1.      This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

**JURSIDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3.      Venue is proper in this district under 28 U.S.C §1391(b).

**PARTIES**

4.      Plaintiff is a resident of Coatesville, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.      Chase Receivables ("Chase") is a corporation doing business in the State of Pennsylvania. Chase is domiciled in West Caldwell, New Jersey. Chase is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL STATEMENT

6.      On a date better known by Defendant, Plaintiff incurred a medical debt which Defendant sought to collect from Plaintiff.

7.      Plaintiff's debt is considered a "debt" as that term is used and defined under the FDCPA.

8.      In attempt to collect said debt, Defendant sent Plaintiff an initial dunning letter on December 11, 2017.

9.      Soon after the 30 day validation notice, the letter stated the following:

> We are proud of our reputation of treating people with the utmost respect and courtesy. The creditor would like to resolve this matter with you. **Please contact this office at the phone number listed below**. (emphasis added).

10.     As established by the Third Circuit in *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013), the above sentence conflicts with the 30 day validation notice.

11.     On the one hand, Defendant specifically requests of Plaintiff to call concerning the debt. On the other hand Plaintiff is instructed to communicate with Defendant concerning the debt in writing.

12.     Upon information and belief, it is Defendant's intention to induce a call rather than a written dispute given the greater odds of receiving payment while on the phone with the consumer. However, by calling, Plaintiff is unable to invoke his FDCPA mandated disputes rights under 1692g.

13.     These two conflicting instructions result in confusion concerning the consumer's rights.

14.     Accordingly, the letter violates the FDCPA.

2

## CLASS ACTION ALLEGATIONS

### The Class

15.    Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

16.    With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

(a) all consumers with a New Jersey address; (b) for which Defendant sent a collection letter substantially similar to Exhibit A (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

17.    Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants.

### Numerosity

18.    Upon information and belief, Defendant has sent similar collection letters in attempt to collect a debt to hundreds of consumers throughout the State of New Jersey, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19.    The letters sent by Defendant Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

20.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant' records.

**Common Questions of Law and Fact**

21.    There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**Typicality**

22.    The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

**Protecting the Interests of the Class Members**

23.    Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24.    Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

25.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

26.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

27.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

28.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

29.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

31.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

32.    Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

33.    Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

34.    Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

35.    Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(b).

WHEREFORE, Plaintiff, Damian Poplin, respectfully requests that this Court do the following for the benefit of Plaintiff:

    a. Enter an Order declaring Defendants actions, as described above, in violation of the FDCPA;

    b. Enter an Order for injunctive relief prohibiting such conduct in the future;

    c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

    d. Enter a judgment against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

    e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

    f.  Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

36.    Plaintiff demands a jury trial on all issues so triable.


Dated this 10th day of January, 2017.

Respectfully Submitted,


/S/ Daniel Zemel, Esq.
Daniel Zemel
**Zemel Law LLC**
78 John Miller Way, Suite 430
Kearny, New Jersey 07032
(P) (862) 227-3106
dz@zemellawllc.com
Attorney for Plaintiff

7