UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>**UNITED STATES DISTRICT**<br>**JUDGE** | **MARTIN LUTHER KING**<br>**COURTHOUSE**<br>**50 WALNUT ST. ROOM 4066**<br>**NEWARK, NJ 07101**<br>**973-297-4903** |

September 26, 2018

VIA ECF

### LETTER ORDER

    Re:    <u>Poplin v. Chase Receivables, Inc.</u>
             <u>Civil Action No. 18-404</u>

Dear Litigants:

    Before the Court is Defendant Chase Receivables, Inc.'s ("Defendant"), ECF No. 9, Motion to Dismiss Plaintiff Damian Poplin's ("Plaintiff") Amended Complaint, ECF No. 8. For the reasons set forth below, the motion is **DENIED**.

**I.    BACKGROUND**

    This matter arises from a letter sent by Defendant Chase Receivables to Plaintiff Damian Poplin with respect to a debt owed by Plaintiff. Plaintiff alleges that the letter violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, <u>et seq.</u>

    Plaintiff alleges that he incurred a medical debt that Defendant sought to recover from him. Am. Compl. ¶ 6. On December 11, 2017, Defendant sent a letter to Plaintiff stating the following:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. . . .
>
> We are proud of our reputation of treating people with the utmost respect any courtesy. The creditor would like to resolve this matter with you. Please contact this office at the phone number listed below.

Def. Motion, Ex. A, ECF No. 9.2; <u>see also</u> Am. Compl. ¶ 9, 14.

    Plaintiff alleges that two portions of this communication—the use of the word "if" in the first paragraph and the request for the recipient to call Defendant—creates confusion regarding the recipient's rights under the FDCPA. Consequently, Plaintiff, on behalf of himself and a class of

similarly situated individuals, asserts that Defendant engaged in unfair and deceptive acts and practices in violates of the FDCPA. See 15 U.S.C. §§ 1692e, 1692e(1), 1692g(b); see also Am. Compl. ¶¶ 35-36.

## II. LEGAL STANDARD

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III. ANALYSIS

Plaintiff alleges that Defendant's letter violated two portions of the FDCPA—15 U.S.C. §§ 1692e and 1692g—by creating confusion as to a recipient's rights. Defendant responds that the letter complies with the FDCPA. The Court agrees with Defendant.

### A. FDCPA Overview

The FDCPA "is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1171 n.1 (2013) (citing 15 U.S.C. § 1692). Relevant to the present matter, it requires that within five days of the initial communication with a consumer in connection with the collection of a debt, debt collectors must provide the consumer with written notice containing certain information regarding the debt. 15 U.S.C. § 1692g. Additionally, the FDCA prohibits the use of any "false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

To state a claim under the FDCPA, a plaintiff must establish that "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated by act or omission, a provision of the FDCA." Grant v. JP Morgan Chase Bank, No. 12-6248, 2013 U.S. Dist. LEXIS 51551, at *5 (D.N.J. Apr. 10, 2013) (quoting Berk v. J.P. Morgan Chase Bank, N.A., No. 11-2715, 2011 U.S. Dist. LEXIS 109626, at *8 (E.D. Pa. Sept. 26, 2011) (citing 15 U.S.C. §§ 1692a-o). Additionally, "[a] threshold requirement for application of the FDCA is that the prohibited practices are used in an attempt to collect a 'debt.'" Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3rd Cir. 1987).

Courts analyze "any lender-debtor communications potentially giving rise to claims under the FDCPA" from the perspective of an objective "least sophisticated debtor." Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3rd Cir. 2006). The Third Circuit has explained that the least sophisticated debtor standard "is lower than the standard of a reasonable debtor" such that "a

communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3rd Cir. 2008) (internal quotations and citations omitted). The "least sophisticated debtor" is "still held to a quotient of reasonableness, a basic level of understanding, and a willingness to read with care," and the debt collector "cannot be held liable for bizarre or idiosyncratic interpretations." Caprio v. Healthcare Revenue Recovery Grp., 709 F.3d 142, 149 (3rd Cir. 2013) (citations omitted).

### B. Plaintiff's Claims under the FDCPA

The Amended Complaint alleges that Defendant engaged in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(b). Specifically, Plaintiff contends that Defendant's letter may confuse the least sophisticated consumer about his or her legally protected rights.

Section 1692g of the FDCPA outlines the required written disclosures that a debt collector must provide within five (5) days of the initial communication. It requires that such written notice must include:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Pursuant to section 1692g(a)(3), the Third Circuit has made it clear that "any dispute, to be effective, must be in writing." Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Thus, a written disclosure that fails to convey the requirement that a consumer must dispute a debt in writing falls afoul of the FDCPA's requirements.

"[I]n order to comply with the requirements of § 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000), as amended (Sept. 7, 2000) (citations omitted). A debt collector violates the FDCPA when a validation notice is "overshadowed" or "contradicted by other portions of the communication. Id. at 111; Wilson, 225 F.3d at 354.

Plaintiff contends that Defendant's letter contradicts the validation notice by suggesting that a consumer may dispute a debt orally, rather than in writing. Specifically, Plaintiff alleges that the use of the word "if," combined with the invitation to call Defendant, will confuse the least sophisticated consumer regarding the effectiveness of orally disputing the debt. Based on this allegation, Plaintiff contends that Defendant's letter violated both Section 1692g and 1692e(10). Defendant responds that the use of the word "if" is consistent with the requirements in Section 1692g(a) and that an invitation to amicably resolve a debt does not contradict the validation notice.

### 1. Use of the Word "If"

The parties' dispute centers on the first portion of Defendant's letter, which states as follows:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. **If** you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt and mail you a copy of such judgment or verification . . .

Def. Motion, Ex. A, ECF No. 9.2 (emphasis added). Plaintiff alleges that this portion of the letter fails to effectively convey the requirement that a consumer dispute the debt in writing, whereas Defendant contends that the letter specifically requires a written dispute. When viewed through the lens of the least sophisticated consumers, the Court agrees with Plaintiff.

Defendant relies on Borozan v. Fin. Recovery Servs., Inc., No. 17-11542, 2018 WL 3085217 (D.N.J. June 22, 2018) to argue that the use of the word "if" would not confuse even the least sophisticated consumer. The court there considered whether the following language violated the FDCPA:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any other portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Id. at *1.

The Court began by noting that "the least sophisticated consumer is charged with reading the entire document, and assumed to understand the plain language of a standard validation notice." Id. at 6 (citations omitted). The court reasoned "[b]y using the word 'unless,' the first sentence of the [defendant's] validation notice informs the consumer the consequences if he or she fails to dispute the debt." Id. "Then, the second sentence provides instructions on how to dispute

the debt and the effect of disputing a dispute," "[s]pecifically, the letter states 'if you notify this office in writing…" Id.  The court further noted that defendant's letter "uses language that closely tracks the statutory language provided in § 1692g(a), without providing confusing alternative ways to dispute the debt that would contradict the validation notice." Id. (citations omitted).  Based upon this determination, the court dismissed plaintiff's claim under Section 1692g.[1]

In response, Plaintiff relies on Cadillo v. Stoneleigh Recovery Assocs., LLC, to argue that the use of the word "if" could arguably confuse the least sophisticated consumer. 2017 U.S. Dist. LEXIS 210870 (D.N.J. Dec. 21, 2017).  There, the court considered whether the following language violated the FDCPA:

> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the creditor.

Id. at *2.  The Court found that "[t]he use of the word 'if' could arguably confuse the least sophisticated consumer as to whether a written response was required," and denied the motion to dismiss. Id. at *7.  Thus, the Court held that the least sophisticated consumer "could be misled by Defendant's collection notice" and found that plaintiff "pled facts sufficient to state a claim under § 1692e(10)." Id.[2]

---

[1] Defendant contends this result is consistent with the weight of precedent both within and without this circuit.  See, e.g., Riccio v. Sentry Credit, Inc., 2018 WL 638748, at *5 (D.N.J. Jan. 31, 2018) (analyzing a similar letter and finding that it specifically required a dispute in writing and did not ask or suggest to consumers that a dispute may be made via telephone call); Hernandez v. Mercantile Adjustment Bureau, LLC, No. 13-843, 2013 WL 6178594, at *2 (D.N.J. Nov. 22, 2013) (analyzing a similar letter and finding that the "if" sentence, when read together with the preceding "unless" sentence, would not confuse a least sophisticated consumer); Hillman v. NCO Fin. Sys., Inc., No. 13-2128, 2013 WL 5356858, at *3 (E.D. Pa. Sept. 25, 2013) (same); Parker v. CMRE Fin. Servs., Inc., 2007 WL 3276322, at *3 (S.D. Cal. Nov. 5, 2007) (same).

[2] Defendant contends that Cadillo is an outlier.  However, at least one other court in this circuit has found that similar language constituted a violation of the FDCPA.  In Homer v. Law Offices of Frederic I. Weinberg & Assocs., P.C., the court considered analogous language to that found in the letter at issue here: "Unless this office hears from you within thirty (30) days after receipt of this letter that you dispute the validity of the debt, or any portion thereof, this office will assume the debt is valid.  If you notify this office in writing within thirty (30) days . . . this office will obtain verification of the debt . . . ." 292 F. Supp. 3d 629, 633 (E.D. Pa. 2017).  The court concluded that "[t]he 'hears from you' language is deceptive because it suggests that the dispute may be made orally." Id. at 635.  While the Homer court did not focus specifically on the use of the term "if," analyzing instead the "hears from you" language, the court's finding is relevant to the issue presented here of whether Defendant's letter is deceptive under the FDCPA insofar as the first

Mindful of the least sophisticated consumer standard applied here, the Court agrees with Plaintiff.  Even reading the "unless" and "if" sentences together, the least sophisticated consumer could believe that either a written or oral response is sufficient to dispute the debt.  Moreover, despite Defendant's argument to the contrary, merely tracking the statutory language is insufficient to effectively convey the debtor's rights.  See Wilson, 225 F.3d at 354.  Therefore, as in Cadillo, Plaintiff has pled facts sufficient to state a claim under Section 1692g.[3]

### 2. The "Please Contact" Sentence

Plaintiff contends that the sentence "Please contact this office at the phone number listed below" will similarly confuse the least sophisticated consumer.  Defendant responds that a mere invitation to call in an initial collection letter does not violate the FDCPA.  The Court agrees with Defendant.

In Cadillo, the court considered a similar argument and determined that "[r]eading the letter as a whole, this [c]ourt is unpersuaded that the final sentence of the notice, which provides [p]laintiff with a phone number to call if she had 'any questions or further information,' . . . is necessarily problematic."  2017 U.S. Dist. LEXIS 210870, at *7 n1.  The court reasoned "[m]erely providing a consumer the opportunity to contact a debt collector by phone to ask additional questions does not, alone, overshadow the other requirements set out in a collection notice."  Id.  Here, Plaintiff's argument regarding the final sentence of Defendant's letter is similarly unpersuasive, given that it constitutes nothing more than an opportunity to contact a debt collector discussed in Cadillo.  Nevertheless, for the reasons discussed above, Plaintiff's Amended Complaint states a claim for relief here.

### IV. CONCLUSION

Based on the foregoing, Defendant's motion to dismiss is **DENIED**.

**IT IS** on this 26th day of September, 2018,

**ORDERED** that Defendant's Motion to Dismiss, ECF No. 9, is **DENIED**.

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**

---

sentences in both validation notices say nothing about whether a written communication is required to dispute the debt.

[3] Because the Court finds that Plaintiff has stated a claim under Section 1692g, it also finds that Plaintiff has stated a claim under Section 1692e(10).  See Caprio, 2012 WL 847486, at *5 ("When allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive.")